UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD WIREMAN,
    Plaintiff,                                                 Civil Action No. 03-74551
v.                                                                  Judge Avern Cohn

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### I. Introduction and Background

This is a social security case. On November 12, 2003 Plaintiff Harold Wireman (Wireman) filed a complaint for review of the denial of his application for Social Security Disability benefits after it was denied by an Administrative Law Judge (ALJ) and the Social Security Appeals Council (Appeals Council). Defendant, Commissioner of Social Security (the Commissioner) filed a motion to dismiss for lack of jurisdiction on the basis that Wireman's complaint was untimely. Wireman does not dispute that he filed his complaint late, but argues that equitable tolling is appropriate. The matter was referenced to a magistrate judge. On February 5, 2004 Wireman requested that the Appeals Council grant him an extension to file his complaint, which unbeknownst to him, the Appeals Council did not receive. On June 25, 2004, the magistrate judge issued a report and recommendation (MJRR) recommending that should the Appeals Council deny Wireman's request for an extension, the Court should grant the Commissioner motion for summary disposition because equitable tolling is not appropriate under the

1

circumstances. No objections were filed to the MJRR. On March 17, 2005 the Court adopted the findings and facts of the MJRR but agreed to hold the Commissioner's motion to dismiss in abeyance until the Appeals Council rendered a determination on Wireman's request for an extension. The Appeals Council denied Wireman's request on February 2, 2007.

On February 12, 2007 Wireman filed a supplemental submission re: defendants motion for summary disposition. Wireman requests that the Court favorably compare his case to Hall v. Commissioner of Social Security, No. 05-CV-72019-DT, slip. op. (E.D. Mich November 21, 2006) (J. Cleland), and deny the Commissioner's motion to dismiss.

For the reasons that follow, the Commissioner's motion to dismiss will be granted.

## II. The Magistrate Judge's Report and Recommendation

### A. Calculation of the Filing Deadline

The magistrate judge correctly explained the statutes and regulations governing the filing of a complaint seeking review of the denial of an application for Social Security Disability benefits as follows:

> Under 42 U.S.C. § 405(g), a plaintiff must file a federal court action within 60 days after mailing of the final decision denying benefits. The Commissioner has interpreted "mailing" as the date an individual receives notice of the Appeals Council's denial of a request for review of its decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. See 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Thus, a claimant must file civil action in Federal District Court within sixty five days after the issuance of the Appeals Council notice.

Wireman applied for Social Security Disability benefits on December 13, 2001. An Administrative Law Judge (ALJ) denied his claim on July 22, 2003. Wireman's request to the Appeals Council to review that decision was denied on September 5, 2003. Starting on September 6, 2003 and counting 65 days gave Wireman until Sunday, November 9, 2003 to file his complaint. Under Rule 6 of the Federal Rules of Civil Procedure, when the last day of the period falls on a Saturday, Sunday, or holiday, the period runs until the end of the next day. Thus Wireman's cut-off date of Sunday, November 9, 2003 would be extended to Monday, November 10, 2003.

Wireman's counsel was under the mistaken belief that November 10, 2003 was a postal holiday during which the Federal courts were closed. Moreover, Tuesday November 11, 2003 was Veterans Day, which is a Federal holiday during which the U.S. District Courts are closed. Therefore, Wireman's counsel believed that the filing date had been extended to Wednesday, November 12, 2003 – the day on which he filed his complaint. Wireman conceded in a supplemental brief that November 10, 2003 was not a postal holiday. Instead, Wireman asserted that equitable tolling should apply.

### B.  Application of the Doctrine of Equitable Tolling

The magistrate judge correctly applied the following standard for equitable tolling:

> Courts generally consider five factors when considering whether equitable tolling applies: (1) whether the plaintiff had actual notice of the time restraint; (2) whether the plaintiff had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint.

Steiner v. Henderson, 354 F.3d 432, 435 (6th Cir. 2003).

Wireman does not argue that he lacked either actual or constructive knowledge of the time in which to file his complaint, but instead argues that he been diligent in pursuing his rights by filing before what his attorney believed was the deadline. Wireman also argues that the Commissioner was not prejudiced by his one day delay in filing the complaint.

The magistrate judge rejected Wireman's argument on the basis that his attorney's mistake in determining the deadline for filing is not the type of circumstance that triggers equitable tolling. The magistrate judge pointed out that "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F. 3d 552, 560 (6th Cir. 2000). Some instances in which equitable tolling may be appropriate include situations "where the claimant has actively pursued his judicial remedied by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Next, the magistrate judge reasoned that while it may be true that the Commissioner was not prejudiced by Wireman's one day delay in filing his complaint, absence of prejudice is irrelevant <u>unless a factor that might justify equitable tolling is first identified</u>. Broman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003)(emphasis added).

**III. Comparison of Wireman's Case to <u>Hall v. Commissioner of Social Security</u>**

**A. Wireman's Argument**

In his supplemental submission re: defendants motion for summary disposition, Wireman argues that the Commissioner's motion to dismiss should be denied because his case is factually similar to Hall v. Commissioner of Social Security, No. 05-CV-72019-DT.  In Hall, the plaintiff filed a complaint for review of the denial of her application for Supplemental Security Income 8 days late.  The court rejected the magistrate judge's recommendation to grant the Commissioner's motion to dismiss upon finding that Hall had diligently pursued her appeal, and that the 8 day delay in filing would not result in any prejudice to the Commissioner.

**B.  Resolution**

A review of Hall reveals that the underlying facts there are not comparable to the instant case.  The court in Hall held that equitable tolling was appropriate because (1) Hall had filed a defective complaint 5 days before the deadline; and (2) Hall's attorney claimed that her legal assistant spoke with an employee of the clerks' office who assured her that the deadline would not be a problem because the complaint had originally been filed in a timely manner.  Here, Wireman did not attempt to file before November 10, 2003.  Moreover, Wireman did not file a request for an extension to file his complaint from the Appeals Council until nearly 3 months after he filed his complaint.  The instant case is also distinguishable from Hall because no court employee told him that filing after November 10, 2003 would not pose a problem.  It is undisputed that Wireman did not file his complaint until November 12, 2003 because of his attorney's miscalculation regarding the filing deadline.  The magistrate judge already explained in her report and recommendation why this is not an appropriate basis for equitable tolling.

Wireman did not object to the MJRR, and the Court adopted the findings and conclusions of the MJRR on March 17, 2005.

### IV. Conclusion

For the reasons stated above, the Commissioner's motion to dismiss is GRANTED.  This case is DISMISSED.

SO ORDERED.


       s/Avern Cohn<br>
       AVERN COHN<br>
       UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 1, 2007, by electronic and/or ordinary mail.

       s/Julie Owens<br>
       Case Manager, (313) 234-5160